60,852-08

From: Charles D. Bunton
Allred Unit, TDC#1143771
2101 FM 369 North
Iowa Park, TX 76367

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 1 0 2015

Abel Acosta, Clerk

April 6, 2015

To: Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

RE: EX PARTE CHARLES BUNTON NO. D-1-DC-02-9024242-G

Dear Clerk:

Enclosed for filing is "Applicant's Objection To State's Original Answer." A copy was forwarded by applicant to both Velva L. Price, District Clerk Travis County and to District Attorney, Travis County.

Please file the enclosed Objections in the above-styled application for post conviction writ of habeas corpus, which is still pending in your Court of Criminal Appeals of Texas.

Thank you, for your kind assistance in this matter.

Sincerely,
Charles Bunton
Applicant.

EX PARTE § IN THE COURT OF CRIMINAL

§

§

CHARLES DOUGLAS BUNTON § APPEALS OF TEXAS

## APPLICANT'S OBJECTIONS TO STATE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW the Applicant in the above numbered and styled cause, and respectfully files the following objections:

### OBJECTION TO BACKGROUND
STATE'S ORIGINAL ANSWER at 1.

Applicant objects to BACKGROUND because the State does not mention the fact that applicant was found guilty of a third degree felony of evading arrest. It is very important to note that this objection is only to come into alignment with, Tex. Code Crim. Proc., CHAPTER 42. JUDGMENT AND SENTENCE, Art. 42.01, Sec.1, Subsec.14, which states "The Judgment shall reflect... the date of offense... and degree of offense for which defendant was convicted." The degree of offense of conviction is THIRD DEGREE.

### OBJECTION TO ISSUE PRESENTED
STATE'S ORIGINAL ANSWER at 1.

Applicant objects to ISSUE PRESENTED because the State's answer is attempting to avoid the issue, which is the applicant argues that "the Third Court of Appeals wrongly affirmed his third degree felony conviction when it affirmed a state jail felony conviction."

Applicant objects to RESPONSE I., because the applicant has never claimed in any of the prior 6 applications that "the Third Court of Appeals wrongly affirmed his third degree felony conviction when it affirmed a state jail felony conviction."

Applicant also objects because the State mentioned incorrectly that "the applicant is recycling information and issues that he raised in his previous writ applications." Applicant assures the Court that the State cannot point out one time, in any one of the past 6 applications where applicant presented the issue that is being presented in this 7th application.

Applicant also objects to the State saying that he "misinterprets the documents," namely and specifically the JUDGMENT ON JURY VERDICT OF GUILTY — the same JUDGMENT AND SENTENCE, which is for a third degree felony conviction. See Tex. Code Crim. Proc., Art. 42.01, Sec. 1, Subsec. 14.

Applicant objects to the States confusion with facts contained in the JUDGMENT AND SENTENCE vs. Court of Appeals decision in his case.

Applicant objects and points out that the State is incorrect when it says that "the opinion recites the very information that the applicant now claims to have just discovered by way of obtaining copies of the indictment and of the judgment and sentence." Applicant shows exactly the opposite, that the judgment and sentence is for a third degree felony, on the conflicting side, the Court of Appeals opinion affirms a state jail felony conviction. How? The jury convicted applicant for a third degree felony, hence

the birth of the issue presented, the sole issue presented in this application #7. This issue has never been litigated upon. see Applicant's Mem. of Law at 3-5, citing Bunton, 136 S.W.3d at 355, as the State has suggested in it's RESPONSE I. Applicant objects to "For the foregoing reasons, this application should be dismissed pursuant to Article 11.07, sec. 4(a)" because the State's reasoning is flawed and out of harmony with the facts of this case which can be proven by JUDGMENT AND SENTENCE v. OPINION, in Bunton, 136 S.W.3d 365: The Judgment and Sentence is for a third degree felony conviction v. the OPINION, in Bunton, 136 S.W.3d 355, which affirms a state jail felony conviction. Applicant's conviction was wrongly affirmed by the Third Court of Appeals—simple and plain.

For the foregoing objections, this application should meet the threshold requirements set out under Article 11.07, Sec.4(a)(1) and Article 11.07, Sec. 4(c).

## OBJECTION TO RESPONSE II.
### STATE'S ORIGINAL ANSWER at 3.

Applicant objects because applicant has not ever raised the issue of a wrongly affirmed conviction. How could he do that on direct appeal, when the issue presented would not be available until after mandate had issued on direct appeal? The State's reliance on Ex parte Acosta is misplaced and should be rejected and relief should be granted to applicant as requested in the application's Mem. of Law at 7.

Applicant objects because a wrongly affirmed conviction such as presented in this case cannot escape the issues the State complains of: Applicant points out that if the State had wrongly affirmed his third degree felony conviction by affirming a state jail felony conviction — by law, it lacked subject matter jurisdiction to adjudicate the state jail felony. How could it have subject matter jurisdiction when applicant's conviction is for a third degree felony? Also, this wrongly affirmed conviction automatically triggers the 5th Amend. and due process rights protections.

The State wants to make a game of this single issue of a wrongly affirmed conviction. All we have to do, in order to settle the entire matter, is to compare two documents: 1) The Judgment and Sentence, scanned February 17, 2005 and is located in clerk's office in Volume 1494 at Page 322. With this document in hand, 2) Bunton v. State, 136 S.W. 3d 355 (Tex. App.-Austin 2004). This second document is where the wrongly affirmed conviction is proven. Then, and only then, will the Court see: This is no game. Applicant's third degree felony conviction was wrongly affirmed as a state jail felony.
At this juncture, the applicant is entitled to a new direct appeal with new appellate brief on remand.

Just because the State and the court-appointed appellate counsel agreed to appeal a state jail conviction does not confer jurisdiction on The 3rd Court of Appeals, because the Judgment and Sentence is for a third degree felony — this is why applicant is entitled to relief on this sole issue.

## OBJECTION TO PRAYER
### STATE'S ORIGINAL ANSWER at 4.

Applicant objects to state's prayer to the extent that it seeks to uphold a wrongly affirmed conviction that the law of voidness does not respect. Applicant only seeks what the law requires and the law requires the relief requested in this case of a wrongly affirmed conviction on direct appeal.

Applicant recommends that the Court of Criminal Appeals grant the relief requested in this pending 11.07 application. See Mem. of Law at 7.

Respectfully Submitted,
Charles Bunton, Applicant

Allred Unit, TDC#1143771
2101 FM 369 North
Iowa Park, Texas 76367

## CERTIFICATE OF SERVICE

I Charles Bunton, certify and swear under penalty of purjury that a correct copy of this APPLICANT'S OBJECTIONS TO STATE'S ORIGINAL ANSWER was mailed to District Attorney, Travis County, P.O. Box 1748, Austin, TX 76367 on this 6th Day of April, 2015.

Copy To: Velva L. Price, District Clerk, County of Travis, State of Texas, P.O. Box 679003, Austin, Texas 78767-9003.